**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Criminal Case No. 07-cr-00307-REB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.  JOSHUA ANDERSON,
      a/k/a Joshua Anderson, Sr.,
      a/k/a "Bull,"
      a/k/a "Big Bull,"

      Defendant..

---

**ORDER DENYING IN PART AND GRANTING IN PART**
**DEFENDANT'S MOTION FOR EXCLUDABLE DELAY FROM STATUTORY**
**SPEEDY TRIAL CALCULATIONS FOR ENDS OF JUSTICE PURPOSES AND/OR**
**IN THE ALTERNATIVE TO DISMISS**

---

**Blackburn, J.**

      The matter before me is defendant's **Motion For Excludable Delay From Statutory Speedy Trial Calculations For Ends Of Justice Purposes And/Or In The Alternative To Dismiss** [#81] filed January 15, 2008. The motion requests relief in the alternative: defendant moves to dismiss the indictment for violation of speedy trial, or, in the alternative, to exclude time from the computation of speedy trial to facilitate pretrial and trial preparation.  I deny the motion to dismiss, but grant the request to exclude time from the calculation of speedy trial.

      Defendant's motion implicates generally the provisions of the Speedy Trial Act of 1974, 18 U.S.C. §§ 3161-74 (the Act). Defendant's motion to dismiss implicates 18

U.S.C. § 3161(c)(1) and (h)(1)(F) and (J). Defendant's request to exclude time from the calculation of speedy trial implicates 18 U.S.C. § 3161(h)(8)(A).

**I. Motion To Dismiss:**

I address first defendant's motion to dismiss. Based on the uncontroverted facts in the court's electronic case management and filing system (CM/ECF),[1] and the provisions of the Act as codified and construed, I enter the following findings of fact and conclusions of law.

In the defendant's circumstances, trial must commence within 70 days of the filing of the indictment or defendant's initial appearance, whichever is later. 18 U.S.C. § 3161(c)(1). The indictment was filed July 26, 2007. [#4]. Defendant's first appearance occurred on August 23, 2007. [#7]. Thus, the speedy trial clock began to run on August 23, 2007, when defendant made his initial appearance.

Between defendant's first appearance and the date of his motion, the parties – principally, the defendant – filed 18 pretrial motions,[2] which may affect the calculation of speedy trial. *See* 18 U.S.C. § 3161(h)(1)(F) and (J); *see also* **United States v. Williams**, 511 F.3d 1044 (10th Cir. 2007).  Using a **Williams**-like analysis, I first calculate the number of days between the date of defendant's first appearance on August 23, 2007, and the date of the filing of defendant's motion on January 15, 2008. The number of days between August 23, 2007, and January 15, 2008, is 145. Next, I

_____

[1] Docket entries in the CM/ECF system are cited as [#***].

[2] The 18 motions include the following CM/ECF docket entries: [#17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 42, 43, 45, 52, 63,  65, 77]

subtract the number of days for speedy trial, i.e., 70, from the number of total days, i.e., 145, to quantify the number of days that must be excluded under § 3161(h)(1)(F) or (J) to preserve the right to speedy trial. 145 days minus 70 days equals 75 days. Thus, if less than 75 days are excludable under § 3161(h)(1)(F) or (J), then the Act has been violated, and the indictment must be dismissed. *See* 18 U.S.C. § 3162(a)(2); **Williams**, 511 F.3d at 1050.

As in **Williams**, I must calculate the excludable delay caused by pretrial motions. As in **Williams**, I must marshal three types of motions in the context of § 3161(h)(1)(F) or (J): 1) motions requesting judicial action that require a hearing, which implicate § 3161(h)(1)(F); 2) motions requesting judicial action that do not require a hearing, which implicate § 3161(h)(1)(J); and 3) any "pro forma request for discovery directed at the government, rather than an invitation for district court intervention," which implicate **Williams**, 511 F.3d at 1052.

18 U.S.C. § 3161(h)(1)(F) provides for the exclusion of periods of "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." "Section 3161(h)(1)(J) further defines the parameters of subsection (F) by excluding periods of 'delay reasonably attributable to any period not exceeding thirty days, during which any proceeding concerning the defendant is actually under advisement by the court.'" **Williams**, 511 F.3d at 1048. "Therefore, if a motion is one that does not require a hearing, the Act excludes time through the period of its prompt disposition, but only if that period does not exceed thirty days from the date the motion is taken under

advisement." *Id*.

Based on my review of the 18 pretrial motions, I conclude that none of them required a hearing.[3] Therefore, § 3161(h)!)(J) limits excludable time to not more than 30 days. Below is my *Williams*-like table calculating excludable time under the Act that is attributable to pretrial motions that properly trigger the exclusion of time, not exceeding 30 days, under § 3161(h)(1)(J).[4]

| Pretrial Motion | CM/ECF # & Date | Period Excluded | Excludable Days |
|---|---|---|---|
| Motion To Suppress | [#23] 9/20/07 | 9/20/07-10/20/07 | 30 days |
| Motion In Limine (Severance) | [#42] 10/23/07 | 10/23/07-10/24/07 | 1 day |
| Motion To File Motions In Limine | [#45] 10/25/07 | 10/25/07-11/5/07 | 11 days |
| Motions In Limine (Re-filed) | [#49] 11/5/07 | 11/5/07-12/5/07 | 30 days |
| Motion Re Trial Setting | [#52] 11/28/07 | 12/5/07[5]-12/19/07 | 14 days |
| Motion For New Counsel | [#63] 12/14/07 | 12/20/07[6]-1/2/08 | 13 days |

---

[3] Included in these 18 pretrial motions are docket entries [#17& 18], which I treated as pro forma requests for discovery directed at the government, rather than an invitation for district court intervention, *see Williams*, 511 F.3d at 1052; thus, resolving all doubts in favor of the defendant, I did not consider them as excludable.

[4] My table does not include all 18 pretrial motions that I analyzed. Time periods excludable by the pendency of unlisted motions overlap periods excluded by the listed motions, and, therefore, my computations account for those unlisted motions.

[5] To eschew over counting because of overlapping time periods, I began my count of excludable days with 12/5/07.

[6] *See* footnote 5, *supra*.

| Motion To Disclose Grand Jury Info | [#77] 1/10/08 | 1/10/08-1/11/08 | 1 day |
|---|---|---|---|

Based on my calculations, 100 days are excludable from the computation of speedy trial based on the filing of pretrial motions.[7] Because more than 75 days are excludable, the Act has not been violated, and the motion to dismiss should be denied.

**II. Motion To Exclude Time:**

Because I will deny defendant's motion to dismiss, I consider next defendant's request to exclude four months (presumably, from the filing of this motion on January 15, 2008) under 18 U.S.C. § 3161(h)(8)(A) from the computation of speedy trial.

Defendant's motion implicates the Speedy Trial Act of 1974, codified at 18 U.S.C. §§ 3161-3174 (the Act). Specifically, the motion implicates 18 U.S.C. § 3161(h) which provides, in relevant part:

> The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:
>
> . . . .
>
> (8)(A) Any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

---

[7] Thus, as of January 11, 2008, 25 days remained of the 70 days provided by § 3161(c)(1). Although not directly before me, it appears that the period of time between the date from the filing of the instant motion on January 15, 2008, and the date of this order – a period of 30 days – is also excludable under § 3161(h)(1)(J) from the computation of speedy trial.

18 U.S.C. § 3161(h)(8)(A).

The Speedy Trial Act is "designed to protect a defendant's constitutional right to a speedy indictment and trial, and to serve the public interest in ensuring prompt criminal proceedings." *United States v. Hill,* 197 F.3d 436, 440 (10th Cir. 1999). It requires that a criminal defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later. *See* 18 U.S.C. § 3161(c)(1); *United States v. Lugo*, 170 F.3d 996, 10001 (10th Cir.1999). Certain periods of delay are excluded and do not count toward the 70-day limit. *See* 18 U.S.C. § 3161(h)(1)-(9). Specifically, "the Act excludes any period of delay 'resulting from a continuance granted by any judge . . . on the basis of its findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'" *Hill*, 197 F.3d at 440-441 (10th Cir. 1999) (quoting 18 U.S.C. § 3161(h)(8)(A)).

In order for a continuance to qualify as an excludable "ends-of- justice" continuance under section 3161(h)(8)(A), certain prerequisites must be satisfied. *Id*. at 441. First, I must consider the following factors listed in section 3161(h)(8)(B):

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act];
>
> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the

arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex;

(iv)     Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(8)(B)(i) - (iv).  After considering these factors, I must then set forth, "in the record of the case, either orally or in writing, [my] reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*, § 3161(h)(8)(A).  Although my findings "'may be entered on the record after the fact, they may not be made after the fact.'" *Hill*, 197 F.3d at 441 (quoting *United States v. Doran*, 882 F.2d 1511, 1516 (10th Cir.1989)).  "Instead, '[t]he balancing must occur contemporaneously with the granting of the continuance because Congress intended that the decision to grant an ends-of-justice continuance be prospective, not retroactive[.]'" *Id.* (quoting *Doran*, 882 F.2d at 1516).

Essentially, the averments of fact alleged by defendant in this part of his motion have been confessed by the government.  Thus, those foundational and predicate facts are deemed established. Defense counsel, who was recently appointed, needs a reasonable time to review discovery, finalize pretrial matters, and prepare for trial.

Defendant requests an additional four months for those relevant and important purpose. Given the totality of relevant circumstances, defense counsel's request is reasonable.

Based on these agreed facts, I find that it would be unreasonable to expect adequate preparation by defendant, despite due diligence, for pretrial or trial proceedings within the time initially allowed under 18 U.S.C. § 3161(c). I have considered the factors that I must under 18 U.S.C. § 3161(h)(8)(B)(i)-(iv). As required by 18 U.S.C. § 3161(h)(8)(C), I have not predicated my ruling on congestion of the court's calendar or lack of diligent preparation by counsel. Accordingly, I conclude as follows:

(1) That failure to grant a continuance of trial beyond the time prescribed by 18 U.S.C. § 3161(c) would likely result in a miscarriage of justice within the meaning of 18 U.S.C. § 3161(h)(8)(B)(i);

(2) That even considering due diligence, failure to grant the motion would deny counsel for defendant the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 3161(h)(8)(B)(iv);

(3) That an additional four months from January 15, 2008, should be excluded from the computation of speedy trial; and

(4) That, therefore, the ends of justice served by granting the motion outweigh the best interests of the public and defendant in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(8)(A).

**THEREFORE, IT IS ORDERED** as follows:

1. That defendant's **Motion For Excludable Delay From Statutory Speedy Trial Calculations For Ends Of Justice Purposes And/Or In The Alternative To Dismiss** [#81] filed January 15, 2008, is **DENIED** in part and **GRANTED** in part:

a. That the portion of defendant's motion that requests dismissal of the indictment for violation of the Speedy Trial Act of 1974, is **DENIED**; and

b. That the portion of defendant's motion that requests the exclusion of four months from the computation of speedy trial is **GRANTED**;

2. That accordingly, four months from January 15, 2008, until May 15, 2008, **SHALL BE EXCLUDED** from the computation of speedy trial under the Speedy Trial Act of 1974; and

3. That the court **SHALL CONDUCT** a telephonic status-setting conference on April 14, 2008, at 10:00 a.m., to set this matter for Trial Preparation Conference and trial by jury; provided, furthermore, counsel for the government shall arrange, schedule, and coordinate the conference call necessary to facilitate the status-setting conference.

Dated February 14, 2008, at Denver, Colorado.

BY THE COURT:

s/ Robert E. Blackburn
Robert E. Blackburn
United States District Judge