IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Criminal Case No. 07-cr-00307-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOSHUA ANDERSON,

    Defendant.

## ORDER DETERMINING COMPETENCY

**Blackburn, J.**

This matter came before me for competency hearing under 18 U.S.C. §§ 4241 and 4247(d), on December 4, 2008, for determination of the defendant's competency, *vel non*. The determination of the mental competency of a defendant in a criminal case is governed by 18 U.S.C. § 4241, as codified and construed. I find that defendant is competent to proceed.

Having judicially noticed all relevant adjudicative facts in the file and record *pro tanto*; having considered the defendant's confession of competency; and having considered the **Forensic Evaluation** [#124] filed under seal on September 19, 2008; I enter the following findings of fact,[1] conclusions of law, and orders.

**FINDINGS AND CONCLUSIONS:**

1. On July 18, 2008, I entered an **Order For Competency Examination And Determination** [#111], granting defendant's **Motion To Determine Competency of**

---

[1] My findings of fact are supported by a preponderance of the evidence as required, in part, by 18 U.S.C. § 4241(d).

**Defendant To Stand Trial** [#108] filed July 10, 2008.

2. Pursuant to my order and 18 U.S.C. § 4247(b), Dr. David E. Morrow, a forensic psychologist, conducted a psychological examination of the defendant. On September 19, 2008, the **Forensic Evaluation** [#124] of Dr. Morrow was filed under seal. The report included the information, diagnoses, and opinions required pursuant to the provisions of 18 U.S.C. § 4247(c)(1)-(4). I approve, adopt, and incorporate Dr. Morrow's findings, diagnoses, and opinions.

3. The defendant is not presently suffering from a mental disease or defect[2] rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or unable to assist properly in his defense. Therefore, the defendant is presently competent to proceed.

4. Pursuant to 18 U.S.C. § 3161(h)(1)(A), the period of delay, i.e., from the filing of defendant's motion [#108] on July 10, 2008, to the date of this order, resulting from these competency proceedings should be excluded in computing the time within which the trial must commence under 18 U.S.C. § 3161(c).

**THEREFORE, IT IS ORDERED** as follows:

1. That the defendant, **Joshua Anderson**, is declared competent to proceed ;

2. That pursuant to 18 U.S.C. § 3161(h)(1)(A), the period of delay, i.e., from the filing of defendant's motion [#108] on July 10, 2008, to the date of this order, resulting from these competency proceedings shall be excluded in computing the time within which  trial must commence under  18 U.S.C. § 3161(c); and

4. That this case is continued to December 19, 2008, at 8:30 a.m., for a status

---

[2] Dr. Morrow's diagnoses are stated on page 6 of his report.

conference, at which time the defendant shall appear without further notice or order; provided, furthermore, that to the extent necessary, the United States Marshal for the District of Colorado shall assist the court in securing the attendance of the defendant.

Dated December 4, 2008, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**