**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Date:                  November 12, 2010

Courtroom Deputy:  Kathleen Finney
Court Reporter:       Tracy Weir
Probation Officer:    Michelle Means

---

**Criminal Action No.  07-cr-00307-REB**

*Parties:*                                                              *Counsel:*

UNITED STATES OF AMERICA,                        Greg Holloway

    Plaintiff,

v.

1.  JOSHUA ANDERSON,                                    David Owen
    a/k/a Joshua Anderson, Sr.,
    a/k/a "Bull,"
    a/k/a "Big Bull,"

    Defendant.

---

**SENTENCING MINUTES**

---

**3:04 p.m.     Court in session.**

Appearances of counsel.

Defendant is present in custody.

Court's opening remarks.

Pursuant to 18 U.S.C. § 3552 and Fed.R.Crim.P. 32, the Probation Department has conducted a presentence investigation and has filed a presentence report and addenda.

Counsel for the government confirms that counsel has read the presentence report and

addenda.

Counsel for the defendant informs the Court that counsel has read and discussed the presentence report and addenda with the defendant.

Mr. Owen makes a statement on behalf of the defendant, offers information in mitigation of punishment, comments on the probation officer's sentencing guideline applications and calculations, and comments on matters relating to the appropriate sentences.

Defendant is sworn.

Statement by the defendant.

*Exhibit Admitted: Anderson Sentencing Exhibit 1*

Statement by Mr. Holloway.

*Exhibits Admitted: Government's Exhibit 1, Government's Exhibit 2*

**4:12 p.m.      Court in recess.**

**4:28 p.m.      Court in session.**

The Court has considered all relevant matters of fact and law, including the following:

- The parties' plea agreement under USSG § 6B1.2, including the parties' written stipulation of facts relevant to sentencing under USSG § 6B1.4(a);
- The nature and circumstances of the offense(s) – focusing on "the real conduct" – for which the defendant is being sentenced;
- The history and characteristics of the offender;
- The authorized sentences under 18 U.S.C. § 3551;
- The presentence report and multiple addenda;
- The basic purposes of criminal punishment: deterrence; incapacitation; just punishment; and rehabilitation as declared in the Sentencing Reform Act of 1984;
- The purposes and goals of sentencing as prescribed by Congress at 18 U.S.C. § 3553(a)(2);
- The factors to be considered in imposing sentence pursuant to 18 U.S.C. §§ 3582(a) and 3553(a)(1)-(7);
- The constitutional and relevant provisions of the advisory USSG;
- The kinds of sentence and the sentencing range established under the USSG for the applicable category of offense committed by the applicable category of defendant pursuant to 18 U.S.C. § 3553(a)(4);
- The need to avoid unwarranted sentencing disparities by "ensuring similar sentences for those who have committed similar crimes in similar ways," *Booker*;

- The need to restitute victims;
- The pertinent policy statements of the US Sentencing Commission;
- The need to impose sentences that satisfy the needs and requirements of 18 U.S.C. § 3553(a)(2);
- The advancement of the seminal congressional goals of honesty, uniformity, and proportionality in sentencing;
- The principle and requirement codified at 18 U.S.C. § 3553(a), to impose a sentence that is sufficient, but not greater than necessary, to achieve the congressional goals and purposes of sentencing;
- The propriety or necessity of imposing concurrent or consecutive sentences after considering the provisions of 18 U.S.C. § 3584(a) and (b);
- The position of the government, the defendant, and the probation department;
- The evidence presented, reasons stated, arguments advanced, authorities cited by the parties in their papers and during their oral argument and presentation.

The Court makes a sentencing statement pursuant to 18 U.S.C. § 3553(c) and enters findings of fact, conclusions of law, judgment of conviction, sentence, and orders.

**IT IS ORDERED** as follows:

1. That the plea agreement of the parties as presented in Court's Exhibits 1 and 2 is formally approved;

2. That the pending motions are resolved as follows:

    - **Defendant Joshua Anderson's Motion for a Setnence Outside the Advisory Sentencing Guideline Range Based Upon the Factors Set Forth in Title 18 U.S.C. § 3553(a)** [#212] filed November 2, 2010, is **GRANTED IN PART**, consistent with the foregoing findings and conclusions and the following orders;

    - the **United States' Motion Under U.S.S.G. 3E1.1 (b) for 1-Level Reduction in Defendant's Offense Level for Acceptance of Responsibility** [#181] filed February 8, 2010, is **GRANTED**;

    - the **Government's Motion to Dismiss Count 1 of the Indictment** [#213] filed November 2, 2010, is **GRANTED**;

3. That judgment of conviction under Fed.R.Crim.P. 32(k) is entered on Count 2 of the Indictment;

4. That pursuant to the Sentencing Reform Act of 1984, it is the judgment and sentence of this court that the defendant is committed to the custody of the Bureau of Prisons to be imprisoned for a term of **ninety-six (96) months**;

5. That on release from imprisonment, the defendant shall be placed on supervised release for a term of **three years**; provided furthermore, that within 72 hours of defendant's release from imprisonment and the custody of the Bureau of Prisons, the defendant shall report in person to the U.S. probation department within the district to which he is released;

6. That while on supervised release, the defendant shall comply with the following conditions of supervised release:

    - all mandatory conditions of supervised release, prescribed by law at 18 U.S.C. § 3583(d) and USSG §5D1.3(a);

    - all standard conditions of supervised release approved and imposed by this court in all such cases and circumstances; and

    - the following explicit or special conditions of supervised release:

        - that the defendant shall not violate any federal, state, or municipal statute, regulation, or ordinance in any jurisdiction or place where defendant may be during the term of supervised release;

        - that the defendant shall not possess or use illegally controlled substances;

        - that the defendant shall not possess or use any firearm or destructive device as defined under federal law at 18 U.S.C. § 921;

        - that the defendant shall cooperate in the collection of a sample of defendant's DNA;

        - that the defendant shall submit to one drug test within fifteen (15) days from defendant's release from imprisonment, as directed by the probation department, and thereafter, to at least two periodic tests for the use of controlled substances as directed and determined by the court;

        - that at defendant's expense, the defendant shall, unless then indigent, undergo a mental health evaluationand an alcohol/substance abuse evaluation, provided, however, that the Court will credit his receipt of any such mental health evaluation during his term of imprisonment in the Bureau of Prisons, and thereafter, at defendant's expense receive any treatment, therapy, counseling, testing or education

        prescribed by the evaluation or as directed by defendant's probation officer or as ordered by the court; that defendant shall abstain from the use of alcohol or other intoxicants during the course of any such treatment, therapy, counseling, testing, or education; provided, furthermore, that to ensure continuity of treatment, the probation department is authorized to release mental health records and reports of the defendant and the PSR to any person or entity responsible for or involved in the treatment of the defendant; and

- that the defendant shall transition from imprisonment to the civilian population by way of a residential reentry center for a period not to exceed 180 days

7. That no fine is imposed;

8. That the defendant shall pay forthwith a special victim's fund assessment fee of $100.00;

9. That presentence confinement credit shall be determined by the Bureau of Prisons as required under federal law at 18 U.S.C. § 3585;

10. That this Court recommends that the Bureau of Prisons designate the defendant to a medical facility, preferably with a prison industry work program;

11. That this Court recommends that the Bureau of Prisons designate the defendant to an institution which will facilitate his participation in and completion of the Bureau of Prisons' RDAP; provided furthermore, that the defendant's request that the Court petition the Attorney General of the United States to contract with an Eastern state to cause the placement of the defendant and service of his sentence in a state facility is respectfully DENIED; and

12. That the defendant is remanded to the custody of the United States.

The Defendant waives formal advisement of appeal.

**5:10 p.m.    Court in recess.**

Total time in court:   01:50

Hearing concluded.