**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No. 07-cr-00307-REB
(Civil Action No. 11-cv-02851-REB)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.  JOSHUA ERIC ANDERSON,

    Defendant.

**ORDER DENYING MOTIONS FOR A HEARING,
FOR APPOINTMENT OF COUNSEL,
TO FILE A SUPPLEMENT, AND
FOR RELIEF UNDER FED. R. CRIM. P. 35(b)**

**Blackburn, J.**

This matter is before me on motions filed by the defendant-movant pro se in the form of letters.[1] These motions [#255[2], #259, #261, #262, #263, and #264] do not have formal captions. In addition, I address the **Request for Evidentiary Hearing Regarding Government's Refusal To File a Rule 35(b) Motion To Compel**

---

[1] At the time Mr. Anderson filed the papers made the focus of this order, he was proceeding *pro se.* Thus, I construed his papers more liberally and held them to a less stringent standard than formal pleadings drafted by attorneys-at-law. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972). I note that on November 14, 2013, Jeffrey M. Schwartz, Esq., entered his appearance on behalf of Mr. Anderson. *See* [#273]. However, other than enter his appearance and request – without a separate and discreet motion – a status conference, Mr. Schwartz has not participated in the case otherwise.

[2] "[#255]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

**Government To File 35(b)** [#271] filed November 13, 2013.  The Government filed a response [#275] to [#271], and the defendant-movant filed a reply [#277].  I deny the motions.

## A.  APPOINTMENT OF COUNSEL

In [#255, #261, & #264], the defendant-movant, Joshua Anderson, seeks appointment of counsel for the purpose of pursuing his motion for relief under 28 U.S.C. § 2255.   When "the interests of justice so require, representation may be provided for any financially eligible person who" seeks relief under 28 U.S.C. § 2255.  18 U.S.C. § 3006A.  When a hearing is not necessary, appointment of counsel in a § 2255 proceeding rests in the discretion of the court.  ***Wilson v. Duckworth***, 716 F.2d 415, 418 (7th Cir. 1983).  Generally, there are five factors a district court should consider in ruling on a request to appoint counsel. Those factors are (1) whether the merits of the claim are colorable; (2) the ability of the indigent to investigate crucial facts; (3) whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by counsel; (4) the capability of the indigent to present the case; and (5) the complexity of the legal issues raised by the complaint.  ***Id***.

Concurrent with this order, I have entered an order denying the motion of Mr. Anderson for relief under 28 U.S.C. § 2255.  Having considered that motion, the record in this case, and the five factors cited above, I conclude that there is no reason to appoint counsel for Mr. Anderson in this case. Thus, the requests for appointment of counsel stated in [#255, #261, & #264] are denied.

## B.  MOTIONS FOR HEARING

In [#259 & #263], Mr. Anderson requests a hearing on his § 2255 motion. Section 2255(b) provides: "Unless the motion and the files and records of the case

conclusively show that the prisoner is entitled to no relief, the court shall ... grant a prompt hearing thereon . . . ." Concurrent with this order, I have entered an order denying the motion of Mr. Anderson 28 U.S.C. § 2255.  Having considered the motion for relief under § 2255 and the record in this case, I conclude that the record shows conclusively that Mr. Anderson is not entitled to relief under § 2255.  Given this circumstance, there is no need or requirement to hold a hearing.  Thus, the requests for a hearing stated in [#259 & #263] are denied.

### C.  MOTION FOR EXTENSION OF TIME & TO SUPPLEMENT

The motion for extension of time stated in [#255] is granted.  Mr. Anderson sought an extension of time to file his reply to the response [#254] of the government.  In [#262], Mr. Anderson seeks leave to file a supplement to his initial motion [#251] for relief under § 2255.

The documents docketed as [#265, #269, #272] are accepted for filing as replies to the response [#254] of the government.  In addition, I construe those same filings [#265, #269, and #272] as the supplements Mr. Anderson seeks permission to file. The filings docketed as [#265, #269, and #272] are accepted for filing. However, acceptance of these filings does not resolve questions about the timeliness of newly asserted claims contained in those filings.  The status of these newly asserted claims is addressed and resolved in my order denying the motion for relief under § 2255 of Mr. Anderson.

### D.  RULE 35(b)

In [#271], Mr. Anderson seeks an order compelling the government to file a motion under FED. R. CRIM. P. 35(b) and setting a hearing on this motion.  Rule 35(b) concerns motions by the government to reduce a sentence based on substantial assistance to the government.  The failure of the government to file a motion under Rule

35(b) is seen generally as a jurisdictional bar to reducing a defendant's sentence under this rule. **United States v. Perez**, 955 F.2d 34, 35 (10th Cir. 1992).

Only in a truly egregious case might a court properly act to prompt relief under Rule 35.

> While we might nonetheless be "justified in taking some corrective action" in "an egregious case - a case where the prosecution stubbornly refuses to file a motion despite overwhelming evidence that the accused's assistance has been so substantial as to cry out for meaningful relief," [**U.S. v.**] **Kuntz**, 908 F.2d [655,] at 657 [10th Cir. 1990)] (**quoting United States v. La Guardia**, 902 F.2d 1010, 1017 (1st Cir.1990)), this is not such an egregious case.
>
> \* \* \* \*
>
> The government is in the best position to determine whether a defendant provides assistance substantial enough to warrant filing a Rule 35(b) motion, and we are not convinced that the government here erred significantly in its assessment.

**Perez**, 955 F.2d at 35-36. Further, a refusal of the government to seek relief under Rule 35 likely is "subject to constitutional limitations that district courts can enforce." **See Wade v. United States**, 504 U.S. 181, 185 (1992) (addressing substantial assistance motions under 18 U.S.C. § 3553(e) and § 5K1.1. of the **United States Sentencing Commission, Guidelines Manual**). For example, refusal to file such a motion based on the race of a defendant would be subject to a challenge. **Id**. at 185-186.

Nothing in the motion of Mr. Anderson indicates that his case is an egregious case, such as that posited by the court in **Perez**, or a case involving an unconstitutional motive, such as that posited in **Wade**. The motion [#271] to compel the government to file a motion under FED. R. CRIM. P. 35(b) and the request for a hearing on the motion to compel both are denied.

**THEREFORE, IT IS ORDERED** as follows:

1. That the relief requested in the motion filed in letter form [#255] filed

4

December 19, 2011, is **GRANTED** on the terms stated in this order;

    2.  That the filings docketed as [#265, #269, and #272] are accepted for filing as replies to the response [#254] of the government, but acceptance of these filings does not resolve questions about the timeliness of newly asserted claims contained in those filings;

    3.  That the relief requested in the motion filed in letter form [#259] filed January 5, 2012, is **DENIED**;

    4.  That the relief requested in the motion filed in letter form [#261] filed February 27, 2012, is **DENIED**;

    5.  That the relief requested in the motion filed in letter form [#262] filed October 22, 2013, is **GRANTED** on the terms stated in this order;

    6.  That the filings docketed as [#265, #269, and #272] are accepted for filing as supplements to the motion [#251] for relief under § 2255, but acceptance of these filings does not resolve questions about the timeliness of newly asserted claims contained in those filings;

    7.  That the relief requested in the motion filed in letter form [#263] filed October 22, 2013, is **DENIED**;

    8.  That the relief requested in the motion filed in letter form [#264] filed October 22, 2013, is **DENIED**; and

6

    9.  That the **Request for Evidentiary Hearing Regarding Government's Refusal To File a Rule 35(b) Motion To Compel Government To File 35(b)** [#271] filed November 13, 2013, is **DENIED**.

    Dated February 5, 2014, at Denver, Colorado.

                                         **BY THE COURT:**

*/s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge