IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Criminal Case No. 07-cr-00307-REB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1. JOSHUA ERIC ANDERSON,

      Defendant.

## ORDER TERMINATING SUPERVISED RELEASE

**Blackburn, J.**

The matter before me is the **Motion for Reconsideration and or Clarification of Order Regarding Supervised Release** [#292][1][2] filed April 30, 2015. Neither the government [#294] nor the probation department [#292] object to the relief sought by the defendant. I grant the motion.

The motion is tantamount to a motion seeking modification of conditions of supervised release. As such, the motion is governed by 18 U.S.C. § 3583(e)(1), which provides,

> (e) Modification of conditions or revocation.--The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) –
> (1) terminate a term of supervised release and discharge the defendant

---

[1] "[#292]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

[2] A duplicate of the motion was filed on Criminal Case No. 02-cr-00293 as [#1262]. The relief sought in the motion concerns only Criminal Case No. 07-cr-00307. As docketed in Criminal Case No. 02-cr-00293, I deny the motion [#1262] as moot.

> released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1).

In turn, under the Federal Rules of Criminal Procedure, modification of probation is governed by Rule 32.1, which provides,

> (c) Modification.
> (1) In General. Before modifying the conditions of probation or supervised release, the court must hold a hearing, at which the person has the right to counsel.
> (2) Exceptions. A hearing is not required if:
> (A) the person waives the hearing; or
> (B) the relief sought is favorable to the person and does not extend the term of probation or of supervised release; and
> (C) an attorney for the government has received notice of the relief sought, has had a reasonable opportunity to object, and has not done so.

Fed. R. Crim. P. 32.1(c).

After considering carefully (1) the motion; (2) the responses of the government and probation; (3) the factors in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), I find and conclude as follows: (1) that the statutory requirements and Judicial Conference criteria for early termination have been satisfied; (2) that the defendant will receive no appreciable benefit from continued supervision; (3) that additional supervision is not necessary for the deterrence of the defendant or protection of the public; (4) that the additional expense to the probation department and defendant and the further allocation and expenditure of scarce judicial and probationary services and resources would be prodigal; and (5) that early termination is warranted by the conduct of the defendant and is in the interest of justice.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Motion for Reconsideration and or Clarification of Order Regarding Supervised Release** [#292] filed April 30, 2015, is granted; and

2. That effective forthwith the supervised release of the defendant, Joshua Eric Anderson, in Criminal Case No. 07-cr-00307 is terminated.

Dated June 19, 2015, at Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge